# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 23, 2004 Session

## MELISSA FRAZIER NORWOOD HOFFMEISTER now BRINK v. JOHN KENNETH HOFFMEISTER

### Appeal from the Chancery Court for Knox County
### No. 152339-1     John F. Weaver, Chancellor

#### FILED MAY 4, 2004

#### No. E2003-02022-COA-R3-CV

The custody of a four-year old boy is the pivotal issue in this case. The Chancellor found that the father was the better qualified to be the primary residential custodian of his son following a recitation of the bizarre conduct of the mother. We affirm.

#### Tenn. R. App. P. 3  Appeal as of Right; Judgment of the Chancery Court Affirmed

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., E.S., and CHARLES D. SUSANO, JR, J., joined.

Melissa Hoffmeister Brink, Abita Springs, Louisiana, *Pro Se.*

Wayne Decatur Wykoff, Knoxville, Tennessee, for appellee, John Kenneth Hoffmeister.

#### MEMORANDUM OPINION[1]

Each of these parties is a practicing attorney. This litigation focuses on the custody of their son Daniel, who was born March 19, 1999. The parties were separated in September 2001, when they were practicing law in Knoxville, and a final decree of divorce was entered July 7, 2003, which decreed that Father was better qualified to be the primary domiciliary custodian of Daniel. Mother appeals, insisting that the evidence does not justify the finding by the Chancellor that the "Father is the better choice as the residential parent given his greater stability."

---

[1] **Rule 10. MEMORANDUM OPINION**[.] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a unrelated case.

Mother has been married three times. Her last marriage, to Mr. Brink in Louisiana, apparently occurred in January 2003, six months before her divorce from Mr. Hoffmeister. Before her marriage to Mr. Brink she became enamored of Mr. Snedeker, also of Louisiana, whom she had known for a number of years. She traveled to Louisiana to liaison with him. At that time, she was employed by a law firm in Knoxville, and represented to the firm that her stepfather had been killed in the 9/11 Pentagon disaster and that she was attending his funeral in Washington. This was a fabricated tale to cover her trip to Louisiana for a job interview and liaison with Mr. Snedeker, and she concocted yet another spurious tale to cover the initial fabrication. She eventually was licensed in Louisiana where she now practices law. It would not be productive to recite the full body of the evidence considered by the Chancellor. Suffice to state that the Appellant's undisputed conduct clearly reflects adversely on her parental stability and her profession. The evidence does not preponderate against the judgment which is affirmed at the costs of the Appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE